UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYRIL J. HARVEY, JR., ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5983** |
| **UNKNOWN AGENT OF THE INTERNAL REVENUE SERVICE, ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant, the Internal Revenue Service.[1] Plaintiffs, Cyril J. Harvey and Doris D. Harvey, oppose the motion.[2] For the reasons that follow, the motion to dismiss is **GRANTED**, and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## BACKGROUND

On October 15, 2015, Plaintiff Cyril J. Harvey and Doris D. Harvey (the "Plaintiffs") filed a Petition for Writ of Mandamus in the 24th Judicial District Court for Jefferson Parish, Louisiana.[3] Plaintiffs named the following individuals and entities as Defendants: (1) the Internal Revenue Service, through an unknown agent; (2) the Louisiana Department of Revenue, through Secretary Tim Barfield; and (3) Jon Gegenheimer, Jefferson Parish Clerk of Court and Recorder of Mortgages.[4] Plaintiffs seek an order, in part, compelling the IRS to "furnish a verifiable tax return, verified and signed assessments, [an] affidavit of the collector, [and] lawful notice of distraint and/or [an] 'instrument' substantiating a valid claim for years 2005 through 2013."

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] *See* R. Doc. 1-2.
[4] *See generally* R. Doc. 1-2.

1

On December 31, 2015, Defendant, the Internal Revenue Service (the "IRS"), filed the instant motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[5] The IRS contends the Plaintiffs' lawsuit "is an attempt to challenge the validity of the federal income taxes assessed against them."[6] According to the IRS, "[b]ecause such actions are prohibited under the Anti-Injunction Act and [the] federal-tax exception of the Declaratory Judgment Act, the claims against the United States should be dismissed for lack of jurisdiction" under Rule 12(b)(1).[7]

## LAW AND ANALYSIS

The purpose of Plaintiffs' lawsuit is plainly to prevent the Internal Revenue Service from collecting taxes owed by the Plaintiffs. Such a lawsuit is barred by the Anti-Injunction Act and the Declaratory Judgment Act.[8] Where these statutes apply, they deprive the court of subject-matter jurisdiction.[9] Accordingly, the Internal Revenue Service's motion to dismiss is **GRANTED**, and the Internal Revenue Service is hereby dismissed as a defendant in this matter.

The Court's jurisdiction over this suit was founded upon 28 U.S.C. § 1442, due to the Internal Revenue Service's status as a defendant.[10] Because the Court has granted the Internal Revenue Service's motion to dismiss, the only claims remaining in this action are founded upon state law. In such a situation, it is within the Court's discretion to exercise, or to decline to exercise, supplemental jurisdiction over the remaining claims.

---

[5] R. Doc. 14.
[6] R. Doc. 14-1 at 3.
[7] R. Doc. 14-1 at 3.
[8] *See, e.g., Stewart v. McKinney*, 62 F.3d 393 (5th Cir. 1995); *Spencer v. Brady*, 700 F. Supp. 601, 602 (D.D.C. 1988) ("The Declaratory Judgment Act's tax exception, and the Anti-Injunction Act, work together to ensure that preemptive taxpayer litigation will not frustrate the efforts of the Internal Revenue Service (the "IRS") to assess and collect federal taxes."). *See also Foodservice & Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844–45 (D.C. Cir. 1987); *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989).
[9] *See Foodservice & Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844–45 (D.C. Cir. 1987); *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989).
[10] *See* R. Docs. 1, 6, 27.

Specifically, Title 28, United States Code, Section 1367(c)(3), provides that a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." As the Court has dismissed the Internal Revenue Service as a defendant and, as a result, has dismissed all claims over which it had original jurisdiction, the Court hereby declines to exercise supplemental jurisdiction and **REMANDS** this matter to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Internal Revenue Service's motion to dismiss[11] be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1367(c)(3), this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**New Orleans, Louisiana, this 7th day of March, 2016.**

                *Susie Morgan*
              **SUSIE MORGAN**
      **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 14.